**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

JAMES A. MCCLELLAN, Plaintiff,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTION; GEORGE T. HAGAN; LIEUTENANT IRONS; LIEUTENANT ODOM; OFFICER MACK; SERGEANT ODOM, Defendants.

Civil Action No. 0:05-3404-PMD-BM

**REPORT AND RECOMMENDATION**

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 15, 2006. After correction of various docket entries, a Roseboro order was entered by the Court on July 10, 2006 due to Plaintiff's pro se status. Plaintiff was specifically advised in the Court's Roseboro order of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was also advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion for summary judgment, which is





now before the Court for disposition.[1]

**Discussion**

Plaintiff's "Complaint" in this matter is actually a letter sent to the Court in November 2005, wherein Plaintiff alleges that he has been threatened with bodily harm if he does no plead guilty to a pending criminal case in the United States District Court for the District of South Carolina.[2] Plaintiff specifically alleges that he was placed in a holding cell on several dates in November 2005 with his hands cuffed behind his back, and was told that he would be beaten to death with a PR-24 night stick, presumably if he did not plead guilty. Plaintiff alleges that he was also denied food and water, the use of a restroom, and other amenities. See generally, Plaintiff's Unverified Letter, docketed as a Complaint.

In support of summary judgment in the case, the Defendants have submitted several affidavits and other exhibits to dispute Plaintiff's claims which, as the only evidence submitted in this case, would be sufficient to entitle Defendants to summary judgment on the merits of these claims. However, the specific claim being asserted by Plaintiff in his Complaint is not that the particular incidents he alleges were in and of themselves sufficient to amount to violations of his constitutional rights, but that the Defendants engaged in the conduct he asserts to force him to plead

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]A review of the computer docket for this Court shows that Plaintiff was indicted under Title 18 U.S.C. § 1503(a) on four counts of filing forged and false affidavits in another civil action. See United States v. McClellan, C/A No. 2:04-949-DCN. Plaintiff entered a guilty plea in that case on December 28, 2005, and was sentenced on April 14, 2006 to a term of twenty-seven (27) months. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.].





guilty in his criminal case. Therefore, since Plaintiff has now, since the filing of this action, in fact pled guilty in that case, this Complaint is subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), which held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, *supra*. *See also* Schafer v. Moore, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Plaintiff’s claim in this civil action, that the Defendants forced him to plead guilty in his federal criminal case, certainly calls into question the validity of his conviction and sentence in that case. Therefore, since Plaintiff has failed to establish that that conviction has been reversed, expunged, or declared invalid by a court, and no federal writ of habeas corpus has been issued, he may not bring this civil action under § 1983. Rather, this is a claim for which he must pursue habeas relief. Jackson v. County of Marlboro Bd. of Comr’s, Nos. 93-2640, 93-2643, 93-2641, and 93-





2642, 1996 WL 931639 at *2 (D.S.C. June 19, 1996) [claims including allegations of coercion by public officials to force prisoner to plead guilty were barred by Heck], aff'd, 129 F.3d 1259 (4th Cir. Nov. 13, 1997); Erwin v. Smith, 103 Fed.Appx. 854 (5th Cir. 2004) [District court dismissed as frivolous under Heck, a § 1983 action alleging a racially motivated conspiracy where federal convictions had not been overturned]; Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) [Plaintiff may challenge the validity of his conviction only by writ of habeas corpus]. Therefore, this case must be dismissed for failure to state a claim.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, pursuant to Heck v. Humphrey.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 2, 2006





**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201



