**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JAMES A. MCCLELLAN,                )<br>                                                        )<br>            Plaintiff,                         )<br>                                                        )<br>v.                                                     )           C.A. No.: 0:05-3404-PMD-BM<br>                                                        )<br>SOUTH CAROLINA DEPARTMENT OF  )<br>CORRECTION; GEORGE T. HAGAN;    )<br>LIEUTENANT IRONS; LIEUTENANT    )           **ORDER**<br>ODOM; OFFICER MACK; SERGEANT  )<br>ODOM;                                              )<br>                                                        )<br>            Defendants.                    )<br>_____)| |

Plaintiff James A. McClellan ("Plaintiff"), an inmate with the South Carolina Department of Corrections, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants filed a Motion for Summary Judgment, to which Plaintiff failed to respond. The record contains the report and recommendation of a United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). This matter is before the court upon the recommendation of the Magistrate Judge that Defendants' Motion for Summary Judgment be granted. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## **DISCUSSION**

**A.     The Magistrate Judge's R&R**

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the

1

recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses

[that] have no factual bases." *Celotex*, 477 U.S. at 327.

### C. Plaintiff's Objections

As the Magistrate Judge correctly noted, Plaintiff's "Complaint" in this matter is actually an unverified letter sent to the court in November of 2005, wherein Plaintiff alleges that he has been "threaten[ed] with bodily harm" if he did "not plea[d] Guilt[y] to the pending criminal charges within the United States District Court, in Charleston, South Carolina, on or before Jan. 4, 2006."[1] (Letter at 1.) Plaintiff further alleged that he had been "placed in a holding cell with [his] hands cuffed behind [his] back from Nov. 18, 2005 to or til Nov. 22, 2005." (Letter at 1.) He asserted that he was placed in the holding cell as punishment for requesting his hygiene bag, which contained soap, toothpaste, razors, shampoo, and writing paper and envelopes. Plaintiff then named the individual Defendants, and claimed that they deprived him of food and water and the use of the restrooms during the five days he was in the holding cell. (Letter at 2.) Plaintiff asserted that he was subjected to this alleged treatment to force him to plead guilty, thereby violating his constitutional right to a trial by jury.

In the R&R, the Magistrate Judge found that the specific claim asserted by Plaintiff in his Complaint was that Defendants engaged in conduct to force him to plead guilty in his criminal case. Since Plaintiff did in fact plead guilty in Criminal Action No.: 2:04-cr-0949-DCN only one month after submitting this Complaint, the Magistrate Judge interpreted the Complaint as calling into question the validity of his conviction and sentence in the relevant criminal action. (R&R at 3.) In

---

[1] A review of the docket for this court shows that Plaintiff was indicted in 2004 under Title 18 United States Code section 1503(a) on four counts of filing forged and false affidavits in support of another civil action in a United States District Court. *See United States v. McClellan*, C/A No. 2:04-cr-0949-DCN. On December 28, 2005, Plaintiff entered a guilty plea in this case and was sentenced on April 14, 2006, to a term of twenty-seven (27) months.

*Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Relying on this rule of law, the Magistrate Judge recommended that because Plaintiff failed to establish that his conviction has been reversed, expunged, or declared invalid by a court, and no federal writ of habeas corpus has been issued, his civil action under § 1983 should be dismissed, and Defendants' Motion for Summary Judgment be granted.

Plaintiff's objections are wholly unresponsive to the Magistrate Judge's recommendation. In his objections, Plaintiff does not deny that *Heck v. Humphrey* bars consideration of his challenge to the validity of his conviction; rather, Plaintiff asserts three additional claims of constitutional violations including (1) that he was subject to cruel and unusual punishment, in that he did not receive adequate medical care when he "was tripped-up on the stairs and fell all the way to the bottom of the stairs;" (2) that he was denied access to legal materials, writing paper, and envelopes; and (3) that he was placed in a solitary confinement maximum security cell without any disciplinary charge in an attempt to intimidate him into terminating this litigation. These allegations are clearly not included in Plaintiff's original Complaint; however, even if the court interprets these claims as part of this litigation, Plaintiff presents no evidence whatsoever in support of them. Bald, conclusory allegations are insufficient to avoid summary judgment. *See White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976). Plaintiff must have some evidence to support his assertions. *Herbert v. Saffell*, 877 F.2d 267

(4th Cir. 1989). Although Plaintiff is not required to prove his case at the summary judgment stage, he is obligated to present evidence that he would produce at trial sufficient to lead a rational trier of fact to find for him. *RGI, Inc. v. Unified Industries*, Inc., 963 F.2d 658, 661 (4th Cir. 1992).

The court notes that the one piece of evidence Plaintiff submitted in the course of this litigation is both irrelevant to the cause of action asserted in the Complaint and highly suspicious. This document, which purports to be the affidavit of SCDC Officer Elizabeth Morris, states that Warden Hagan ordered Officer Morris to make a false charge against Plaintiff on March 3, 2006, in retribution for Plaintiff's filing this civil action against SCDC officers. The document is handwritten in what appears to be Plaintiff's handwriting, and was submitted as evidence in support of Plaintiff's request for a Continuance in filing a response to Defendants' Answer. Defendants filed a response to Plaintiff's request for a Continuance, which contains another affidavit from Officer Morris, attesting that she did **not** submit an affidavit on behalf of Plaintiff and that the signature on the affidavit submitted by Plaintiff is not her own. Officer Morris further stated that the content of the affidavit submitted by Plaintiff is entirely untrue and that she is "greatly upset by having [her] name forged on documents by this inmate." Accordingly, the court refers this matter to the office of the United States Attorney for the District of South Carolina for investigation.

Even taking the affidavit submitted by Plaintiff as genuine, its substance fails in every regard to create a genuine issue of fact regarding the claims asserted in Plaintiff's Complaint.[2] Accordingly, the court finds (1) that to the extent Plaintiff's Complaint challenges the conditions of his

---

[2] The affidavit calls into question the validity of Plaintiff's disciplinary conviction on March 13, 2006. This conviction occurred over four months after Plaintiff wrote the letter which became the Complaint in this case, and therefore has no relevance to the cause of action at issue in this litigation.

confinement, Plaintiff presents no evidence supporting any of the factual allegations in his Complaint, and (2) that to the extent Plaintiff's Complaint challenges the validity of his guilty plea, his claim is barred by the Supreme Court ruling of *Heck v. Humphrey*. For these reasons, the court finds that Defendants' Motion for Summary Judgment should be granted.

## CONCLUSION

It is, therefore,

**ORDERED**, for the foregoing reasons that Defendants' Motion for Summary Judgment is **GRANTED** and issues concerning the potentially forged affidavit is hereby **REFERRED** to the United States Attorney of the District of South Carolina for investigation.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**Charleston, South Carolina**
**November 28, 2006.**

## NOTICE OF RIGHT TO APPEAL
Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.